UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CIV. ACTION NO.: 1:13-cv-24593-KAM
Honorable Kenneth A. Marra

L.T. Case No.: 13-14289- LMI
Honorable Lauren M. Isicoff

SAMUEL D. ROSEN,

Appellant,

v.

JOEL L. TABAS, Successor Trustee

Appellee.

ON APPEAL FROM AN ORDER OF THE U.S. BANKRUPTCY COURT OF THE
SOUTHERN DISTRICT OF FLORIDA

**BRIEF OF APPELLANT SAMUEL D. ROSEN**

**SWEETAPPLE, BROEKER & VARKAS, P. L.**
777 Brickell Avenue – Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax: (305) 358-1023
docservice@broekerlaw.com
doug@broekerlaw.com
Counsel for Appellant

Dated: January 13, 2014

# TABLE OF CONTENTS

| Section | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| JURISDICTION | 1 |
| REQUEST FOR ORAL ARGUMENT | 1 |
| STATEMENT OF ISSUES PRESENTED FOR REVIEW | 2 |
| STATEMENT OF THE CASE AND FACTS | 3 |
| SUMMARY OF THE ARGUMENT | 7 |
| ARGUMENT | 7 |
| CONCLUSION | 11 |
| CERTIFICATE OF COMPLIANCE | 11 |
| CERTIFICATE OF SERVICE | 12 |

## **TABLE OF AUTHORITIES**

**Cases**

*Bilzerian v. Bilzerian*, 100 F.3d 886 (11th Cir. 1996) ................................................................. 1
*Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).......... 2
*Connecticut State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1343 (11th Cir. 2009) . 2
*Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir.2004).................... 2
*Fla. Ass'n of Rehabilitation Facilities, Inc. v. Florida*, 225 F.3d 1208, 1218 (11th Cir. 2000)..... 2
*In re 600 Alabama LLC*, BR 08-31434DM, 2011 WL 2413523 (Bankr. N.D.Cal. 2011) ....... 9, 10
*In re Woods*, 173 F.3d 770, 778 (10th Cir. 1999).......................................................................... 2
*In Re: Walker*, 2004 Bankr. Lexis 2187 (Bankr. S.D. Fla. 2004).................................................. 8
*In Re: Walker*, 515 F.3d 1204 (11th 2008) ................................................................................... 8
*Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1481 (11th Cir. 1993)................................. 2
*Murphy v. Hunt,* 455 U.S. 478 (1982) ........................................................................................... 9
*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)....................................................... 2

**Statutes**

11 U.S.C. §324................................................................................................................................ 8
11 U.S.C. §324(b) ................................................................................................................. 3, 8, 11
28 U.S.C. §158................................................................................................................................ 1

## JURISDICTION

The basis for the district court's subject-matter jurisdiction in this case is the appeal of three interrelated final orders or decrees of a Federal Bankruptcy Court Judge which deny Creditor Samuel D. Rosen's Objection to Trustee Kenneth Welt's Resignation [D.E. 236], Order Denying Emergency Motion for Sanctions [D.E. 255] and Order Overruling Objection to Resignation of Kenneth Welt as Trustee [D.E. 254]. Appellants bring this Appeal pursuant to Rule 6(a) of the Federal Rules of Appellate Procedure. The Orders being appealed were rendered by the Bankruptcy Court on August 19, 2013. Appellants filed a timely Notice of Appeal of the lower Court's Final Order on August 26, 2013 [DE-276]. The Successor Trustee stipulated that these Orders were "final" for Appellate purposes [D.E. 317]. Under 28 U.S.C. §158, the district courts of the United States have jurisdiction to hear appeals from final orders by bankruptcy courts. This is an appeal of Final Orders that dispose of all of Appellants' claims regarding the Former Trustee, and thus jurisdiction and review by this Court is appropriate at this time.

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument in this cause pursuant to Southern District of Florida Local Rule 87.4(f).

## STANDARD OF REVIEW

On Appeal from a bankruptcy court's final orders, the appellate court reviews determination of law *de novo* and factual findings under the clearly erroneous standard. *See Bilzerian v. Bilzerian*, 100 F.3d 886 (11th Cir. 1996).

A finding of fact is clearly erroneous when a reviewing court finds that "although there is evidence to support [the lower court's] finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S.*

*Gypsum Co.*, 333 U.S. 364, 395 (1948).  A reviewing court may, however, "look carefully" to discover if the court below based its findings upon incorrect legal principles. If the trial court bases its findings upon a mistaken impression of applicable legal principles, the reviewing court is not bound by the clearly erroneous standard.

Discretionary decisions of a lower court are reviewed for abuse of discretion. *Connecticut State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1343 (11th Cir. 2009).

When reviewing a decision to remove a bankruptcy trustee, the bankruptcy court's ruling normally is subject to an abuse of discretion standard. *In re Woods*, 173 F.3d 770, 778 (10th Cir. 1999). A court abuses its discretion

> "when a relevant factor deserving a significant weight is overlooked, when an improper factor deserving of significant weight is overlooked, or when the court considers the appropriate mix of factors, but commits palpable error of judgment in calibrating the decisional scales."

*Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A court also abuses its discretion when it misapplies the law.  *Fla. Ass'n of Rehabilitation Facilities, Inc. v. Florida*, 225 F.3d 1208, 1218 (11th Cir. 2000) (citations omitted). As such, this Court may correct errors of law or findings of fact based on "misconception of the law." *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1481 (11th Cir. 1993).

Mootness is the central issue in this case and the standard of review for the question of mootness is *de novo*. *See Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir.2004).

## **STATEMENT OF ISSUES PRESENTED FOR REVIEW**

1.     Whether the Bankruptcy Court erred as a matter of law or abused its discretion when it denied Rosen's Motion to Remove the Trustee [D.E. 180] as "moot" in the bankruptcy case, and in not considering the facts, and harm, in this case caused by the Trustee when Rosen

filed his Motion to Remove the Trustee [D.E. 180] or July 30, 2013, regardless of the Trustee's resignation on August 11, 2013 [D.E. 235], since under 11 U.S.C. §324(b), "[w]henever the court removes a trustee or examiner under subsection (a) in a case under this title, such trustee or examiner shall thereby be removed <u>in all other cases under this title in which such trustee or examiner is then serving</u>." 11 U.S.C. §324(b) (emphasis added).

2. Whether the Bankruptcy Court erred as a matter of law or abused its discretion when it denied the sanctions requested in Rosen's Motion to Remove the Trustee [D.E. 180], Rosen's Objection Relating to Welt's Resignation [D.E. 236] and Rosen's Emergency Motion for Sanctions [D.E. 245] as "moot" because further proceedings in this bankruptcy case are tainted from the Trustee's injury to the estate, as well as other cases in which the Trustee serves. Rosen has been economically damaged, and the estate has been damaged as the Bankruptcy Court's Order does not cure the harm and injury caused to the estate when the Trustee resigned from his position. The issue of the Trustee's removal and egregious decisions that caused injury can only be cured through the vacatur of all orders approving the Trustee's harmful decisions and actions in this bankruptcy case.

3. Whether the Bankruptcy Court's failure to disclose the professional relationship between his son, David Ray, with the Trustee, whereby the Trustee was the primary client of David Ray, who repeatedly appointed David Ray as counsel for the Trustee, is a non-disclosure of a material connection between the Trustee and the Bankruptcy Court within the meaning of Bankruptcy Rule 5002(b), that requires vacatur of the Orders under review.

**STATEMENT OF THE CASE AND FACTS**

Rosen is the largest creditor of the Debtor, and has brought other litigation against the Debtor and obtained summary judgments in the Circuit Court in and for Broward County, Florida [cite Rosen I & II cite summary judgment if possible]. Rosen asserts that this bankruptcy

3

was brought in bad faith to avoid compliance with Court Orders, and this bankruptcy is properly dismissed.

On Motion of the Debtor [D.E. 50], a Trustee was appointed.  The Debtor proposed Kenneth Welt ("Welt") as Trustee.  On or about May 10, 2013, the US Trustee submitted to this Court an ex parte application to approve the appointment of Welt as a Chapter 11 Trustee herein (Doc. 64).  That application attached a verified statement of Welt explicitly reciting that it was signed under penalty of perjury and announced " "None" as to any "connections" Welt had with any of the parties in this matter or their **ATTORNEYS** [D.E. 64].  That sworn statement was false at the time, as Welt well knew, and has been false.  In mid-July 2013, Rosen discovered that the Trustee and Rosen's counsel had a close attorney client relationship, in existing litigation against Welt, personally, in another bankruptcy matter pending before the other bankruptcy judge in the Fort Lauderdale Division.  This personal representative relationship was not disclosed by Welt when he filed his disclosure of relationships with the Debtor, the creditors and their counsel.  *See* Motion to Remove Trustee [D.E. 180].

The background of the personal litigation against Welt is as follows:

On December 22, 2011 Mr. Ullrich filed an action in the Broward County Court asserting the most serious misconduct, including breaches of trust and misappropriation, against Welt both in his capacity as a non-judicial liquidator of NICA Holdings, Inc. in an assignment for the benefit of creditors **and** in his personal capacity.  *See* CACE 11031923 Broward County, Florida [D.E. 180-1].  As the clerk's file shows, it was none other than Chad P. Pugatch, Esq. ("Pugatch") who appeared there as counsel for Welt (*see*, Ex. 1 to D.E. 180).  Mr. Pugatch had been representing Rosen in this proceeding from its inception.

In the middle of hearings targeted at Welt in State Court, Welt proceeded as the "representative" of NICA to put it into Chapter 7 in this Court, before Judge John Olson, and

4

thereafter, the claims against Welt individually and personally were moved from Broward County Circuit Court to the Bankruptcy Court in or about February 2013. Welt continued to be represented in his personal capacity by Pugatch and his firm. Thus, in that proceeding before Judge Olson, (Case No. 12-32686-BKC-JKO) a hearing was held on December 18, 2012 on a Motion to Lift the Stay so that the hearing in State Court could continue and complete against Welt personally. Welt was represented by Mr. Fierberg, an associate working under Pugatch at the Firm of Rice Pugatch (*see*, Ex. 2 to D.E. 180, excerpt of transcripts).

On April 10, 2013, barely one month before Welt's verified statement of no connections, and while Pugatch was representing Rosen in the proceedings below, another hearing was held before Judge Olson where Pugatch himself appeared and argued for Welt personally. (*see,* Ex. 3- to D.E. 180). Then, on the morning of July 15, 2013, another hearing was held before Judge Olson to consider a possible settlement of the claims asserted against Welt personally and there too, one of the attorneys appearing for Welt personally was Pugatch (*see*, Ex. 4 to D.E. 180).

It is clear that the Welt statement was false, and that Welt's appointment as Trustee for the Debtor created a circumstance of divided loyalty for Rosen's chosen counsel in this proceeding. This divided loyalty became material when Rosen's relationship with Welt became adversarial. *See e.g.* [D.E. 150], Motion *In Limine* (when Rosen took the 30(b)(6) deposition of the Debtor, Welt's counsel produced a "representative witness" who knew nothing on the topics identified).

Promptly following the revelations of conflicting representations, on July 30, 2013, Rosen filed an Emergency Motion to Remove Trustee [D.E. 180]. Although the Motion to Remove Welt was not scheduled for hearing until August 23, the Court *sua sponte* raised the matter at a hearing on August 7 while hearing the "Stipulation for Substitution of Counsel." [D.E. 179]. Transcript of Hearing on August 7, 2013 at page. 5, l. 4 page 5, l. 15; p. 10, l. 22

5

("T-__, l. __").[1]  The Court called Rosen to testify, under oath about the Welt issues.  At that same hearing, attorney Chad Pugatch was also questioned under oath.  Pugatch confirmed that he was representing Welt not only in his capacity as Trustee but personally in the *Nica* case at that time.  T-14, l. 17-25.  He admitted that he did not disclose to the U.S. Trustee's office or the other creditors that he represented Mr. Welt.  T-19, l. 13-20.

Welt had filed nothing as of the August 7 hearing.  Thereafter, Welt's attorneys filed on August 12, 2013 [D.E. 235] a letter dated August 8, 2013, submitting his resignation and protesting about, and attacking, Rosen.  On August 9, Welt's counsel filed a sham opposition based upon counsel's unsworn factual assertions, and neither denied nor apologized for the false statement and continuing failure to disclose the personal representation that divided Rosen's counsel's loyalty.

Rosen did not learn of Welt's August 8 resignation letter until August 12, whereupon he immediately filed his Objection to Welt's Resignation [D.E. 236].  Immediately thereafter, Rosen filed his "Emergency Motion for Relief Respecting the Conduct of Welt" [D.E. 245].

The Bankruptcy Court entered its Order Denying the Motion to Remove the Trustee as "moot."  [D.E. 239].  Thereafter, the Court overruled Rosen's Objection to the Resignation of Welt as Trustee as "moot" [D.E. 254] and denied Rosen's Emergency Motion for Relief Respecting the Conduct of Welt as "moot" [D.E. 255].

Subsequently, another revelation was uncovered by Rosen: It appears, from the docket of other bankruptcy cases pending in this District, that Welt had employed the (then) Bankruptcy Court's son, David Ray, in excess of thirty (30) times (*See,* Samuel D. Rosen, Creditor *Pro Se's* Emergency Motion and Affidavit to Prospectively Approve Limited Appearance as of Counsel Herein [D.E. 378]).

---

[1] Transcript referenced herein shall be identified as ("T- [page number], l. [line number]").

## SUMMARY OF THE ARGUMENT

This appeal seeks determination on both the Constitutional and equitable mootness doctrines as they relate to Rosen's filing of a Motion for Removal of Trustee Welt prior to Welt's subsequent filing of his resignation. This appeal is not moot because the relief sought by Rosen exemplifies Welt's patent conflicts of interests which have caused actual injury to the estate which cannot be ignored because Welt unilaterally, without the proper hearing as required by 11 U.S.C. § 324, resigned as Trustee only from the pending matter and not from all cases where he was acting as Trustee. The egregious facts of this case demonstrate that the conflicts of interests which trustee labored under clearly harmed the estate, Rosen, and the enforcement of the rules and regulations regarding the conduct of appointed trustees. It would be inequitable for this Court not to hold a hearing on Rosen' Motion for Removal thereby allowing Welt to escape the consequence and liability of his intentional false statement relating to his disinterestedness which was done under the penalties of perjury, sanctions, and removal from all cases he served as trustee under Title 11. 11 U.S.C. §324.

## ARGUMENT

The Bankruptcy Court erred as a matter of law, or abused its discretion, when it denied Rosen's Motion to Remove the Trustee [D.E. 180] as "moot".  The Bankruptcy Court failed to consider the facts and harm caused by the Trustee when Rosen filed his Motion to Remove the Trustee [D.E. 180].  The Trustee's resignation on August 11, 2013 [D.E. 235], did not render the issue "moot" because, under 11 U.S.C. §324(b), "[w]henever the court removes a trustee or examiner under subsection (a) in a case under this title, such trustee or examiner shall thereby be removed in all other cases under this title in which such trustee or examiner is then serving."  11 U.S.C. §324(b).  The Federal Statute mandates that the harm in one bankruptcy case may and can extend to other bankruptcy cases in which the person sits as trustee, and thereby continuing the

jurisdiction on the issue to prevent any ongoing and future harm in the Southern District Court of Florida.

The Bankruptcy Court likewise erred as a matter of law or abused its discretion when it denied the sanctions requested in Rosen's Motion to Remove the Trustee [D.E. 180] as "moot" because further proceedings in this bankruptcy case are tainted from the Trustee's injury to the estate, as well as other cases in which the Trustee serves.  Rosen has been economically damaged and the estate has been damaged.  The Bankruptcy Court's Order does not cure the harm and injury caused to the estate when the Trustee resigned from his position.

This Court is guided by a case directly on point regarding Trustee misconduct. In *In Re: Walker*, 2004 Bankr. Lexis 2187 (Bankr. S.D. Fla. 2004), Walden, in support of her application to be appointed Chapter 7 Trustee, filed a Verified Statement, under penalty of perjury, substantively identical to Welt's statement here "no connection" with parties, attorneys – "NONE".  The debtor, with no financial interest in the case, charged Trustee Walden who in fact had a relationship with the president of one of the creditors. Following a hearing, the Court (Hyman, J.) removed Walden on the grounds that she lied.  When the matter wound up before the 11th Circuit – *In Re: Walker*, 515 F.3d 1204 (11th 2008) – Judge Hyman's decision was unanimously affirmed because Walden had lied in her "no connection" sworn statement because she had <u>previously</u>, not currently, provided tax services for a Walker creditor here.  The case against Welt is much stronger. If a false statement regarding an undisclosed <u>prior</u> relationship with a creditor mandated removal of the Trustee for cause, *a fortiori*, removing a Trustee who lied about his <u>current</u> legal representation by Rosen's counsel and the consequent destruction of Pugatch's relationship of undivided loyalty he owed to Rosen, must be sanctioned.

Additionally, as was shown in Part II of Rosen's Verified Motion to Remove Trustee [D.E. 180] the misconduct by Welt is not artefactual.  Rather, it is merely part of a long and

8

continuous series of actions, many evidencing moral turpitude that is asserted by Rosen. These allegations were never controverted by Welt and should be considered as part of a sanctions hearing.

The Bankruptcy Court also denied Rosen's Motion to Remove the Trustee and Rosen's Motion for Relief Respecting the Conduct of Welt; [D.E. 239] as being moot. A case becomes moot when it loses its character as a present, live controversy of the kind that must exist to avoid merely an advisory opinion on abstract questions of law. *See Murphy v. Hunt,* 455 U.S. 478 (1982); *In re 600 Alabama LLC*, BR 08-31434DM, 2011 WL 2413523 (Bankr. N.D.Cal. 2011). Here, Rosen requested relief beyond just the removal of Welt. Rosen requested:

a. Welt be removed from the other cases he has before this Court, in which he presently serves as Trustee within this judicial district.

b. Direct the US Trustee to strike Welt's name from its lists of candidates;

c. Direct Welt to present to this Court, to the Debtor, to all Creditors and to the new Trustee, his fidelity bond which he presumably posted for this case so claims can be asserted against it;

d. Direct that Welt make restitution to the Estate of the monies he approved being spent from the Debtor's assets (*see,* Monthly Operating Report for June (Doc. 162) to pay the premium on his bond and the $1300 – 1400 to Justin Greenbaum, Inc. to buy him a new cell phone and other expenses.

e. Direct that Welt make full restitution in amounts to be acceptable to each effected party injured by his conduct, including the Debtor and Rosen.

f. Immediately revoke all orders issued at Welt's request for appointments of Justin Greenbaum, Inc. Kapila, and Marshall Socarras Grant, with prejudice to their rights to present any fee applications in this matter and, in addition, to the extent Justin Greenbaum Inc. has been paid by Debtor already, Welt should be ordered to reimburse same to Debtor.

g. Provide to the new Trustee and to all other parties a period of time and a date certain by which any one of them may have any other Order entered at Welt's request or at the request of another but with Welt's support, set aside *ab initio,* with the provision that any such Order to which no one has timely objected shall thereafter be deemed to have been ratified and still in force.

      h.     Refer Welt's conduct to the Office of the United States Attorney for this District for possible criminal prosecution pursuant to the Code of Judicial Conduct and Florida's Rules of Professional Conduct; also refer for investigation Messrs. Marshall, Grant and Pecan, respecting any knowledge they had of Welt's perjury here and of his representation by Pugatch in *Nica.*

      i.     Direct that Welt cease to forever use the word "Trustee" to identify himself or in connection with any business he, or a member of his family (e./g. his son, Jason) operate, including but not limited to "Trustee Services, Inc.", "Trustee Realty, Inc.", "Kenneth A. Welt, Trustee P.A.", etc.

In *In re 600 Alabama LLC*, the Court determined it did not have a real, earnest, and vital controversy because the movant merely requested removal of the trustee. Contrary to the facts here, Rosen has requested more than removal of Welt; he has requested the relief stated above. Therefore, the predecessor court had jurisdiction to adjudicate because there was a real, earnest, and vital controversy before the Court.

      Moreover, based on the various grounds for removal (apparently false statements on Welt's "no connection" statement and Welt's relationship with bankruptcy judge's son) and Rosen's filing of Motion to Remove prior to Welt's voluntary resignation, only in this pending matter, it would be extremely inequitable for Welt to resign prior to a hearing on Rosen's Motion to Remove.  This essentially allows Welt to escape all liability while circumventing the allegations supporting his removal.  As a court of equity, this Court has the power to grant complete relief, as stated above, and thus has the power to remove Welt for cause.  Therefore Rosen's claim for removal of Welt is not rendered moot by Welt's resignation because Rosen is seeking the Court to conclude that sufficient grounds exist to warrant Welt's removal pursuant to Rule and Rosen requested Relief. See 11 U.S.C. §324(b).

      Whether the Bankruptcy Court's failure to disclose the professional relationship between his son, David Ray, with the Trustee, whereby the Trustee was the primary client of David Ray, who repeatedly appointed David Ray as counsel for the Trustee, is a non-disclosure of a material

10

connection between the Trustee and the Bankruptcy Court within the meaning of Bankruptcy Rule 5002(b), that requires vacatur of the Orders under review.

## CONCLUSION

WHEREFORE, the Orders Denying Rosen's Motion to Disqualify Trustee, his Objections on Trustee's resignation without conditions and denying Motion for Sanctions and other relief should also be vacated and further proceedings to be held on those motions and the Objection.

        Respectfully submitted,

By: /s/ Douglas C. Broeker
      **Douglas C. Broeker, Esquire**
      Florida Bar No. 306738
      **SWEETAPPLE, BROEKER & VARKAS, P.L.**
      777 Brickell Avenue, Suite 600
      Miami, Florida 33131
      Tel.: (305) 374-5623
      Fax.: (305) 358-1023
      Doug@broekerlaw.com
      DocService@broekerlaw.com

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: s/ Douglas C. Broeker
    Douglas C. Broeker, Esquire
    Florida Bar No. 306738

## **CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail and e-mail to all parties who are not on the list to receive e-mail notification/service for this case on this 13th day of January 2014.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-I (A).*

By: /s/ Douglas C. Broeker
       **Douglas C. Broeker, Esquire**
       Florida Bar No. 306738

13

**SERVICE LIST**

gfreedman@tabasfreedman.com
USTPRegion21.MM.ECF@usdoj.gov
JHilliard@tabasfreedman.com
JTabas@tabasfreedman.com
administration@easleyappellate.com
dfeasley@easleyappellate.com