UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

APPEAL CASE NO.: 1:13-CV-24593-KAM
LWR. TRIBUNAL CASE NO.: 13-14289-LMI
_____

SAMUEL D. ROSEN,
Appellant,

v.

FORMER TRUSTEE,
[*Correction Appellee Designation from Successor to Former Trustee Requested*]
Appellee.
_____

_____

ON APPEAL FROM AN ORDER OF THE U.S. BANKRUPTCY COURT,
SOUTHERN DISTRICT OF FLORIDA
_____

**SUCCESSOR TRUSTEE'S, JOEL L. TABAS, CURRENTLY DESIGNATED AS APPELLEE, MOTION TO DISMISS THE APPEAL, AND REQUEST TO TOLL/EXTEND TIME PENDING RESOLUTION OF THIS MOTION WITH INCORPORATED MEMORANDUM OF LAW**

Successor Trustee, Joel L. Tabas, pursuant to the Federal Rules of Bankruptcy

Procedure and the Federal Rules of Civil Procedure, including S.D. Fla. Local Rules Rule

87.4 and argument by analogy with Fed. R. Civ. P. Rules 12, 19, and 41,[1] Moves to

_____

[1]   In *Hann v. State Treasurer*, No. 07-13687, 2009 WL 724052, *4 (E.D. Mich Mar. 18, 2009), the District Court for the Eastern District of Michigan accepted and adopted the Magistrate Judge's Report and Recommendation of dismissal of that bankruptcy appeal, recognizing that the arguments under the Federal Rules of Civil Procedure, in that case Rules 12(b) and 41(b), are analogous and dismissed a bankruptcy appeal, stating that the same reasons for dismissing a frivolous case under Rule 12(b)(1) apply to dismissing a

Dismiss the Appeal for Failure to Designate/Join the Required Person, and Request to Toll/Extend Time Pending Resolution of this Motion with Incorporated Memorandum of Law, and, as good grounds, states:

## A.    Certificate of Good Faith

1.    The undersigned counsel for the Successor Trustee Joel L. Tabas confirms that the undersigned communicated with Douglas C. Broeker, Esq., counsel for the Appellant Samuel D. Rosen, on January 27, 2014, and by telephone conference on January 28, 2014, regarding whether he objected to this Motion, and is authorized to represent that the Appellant agrees that the proper, indispensable party is the Former Trustee and that the Successor Trustee is not the intended subject of this appeal. The Appellant objects to the remainder of this Motion. Appellant Rosen has further agreed to submission of an agreed order extending the time for the filing of the Answer Brief up to and including February 23, 2014.

## B.    The Grounds for This Motion

2.    As a threshold matter, the Court should be apprised that there is a pending Jan. 23, 2014 Motion for Clarification with Extension of Time [ECF11] set for telephonic hearing on January 30, 2014.  We respectfully request that the arguments herein be incorporated as part of that Motion for Clarification to aid the Court's review, and we incorporate by this reference all arguments made in our Motion for Clarification [ECF11].  Second, Fed. R.

---

frivolous bankruptcy appeal. *See also generally In re Hann*, 08-14516, 2009 WL 2872813 (E.D. Mich. 2009).

EASLEY APPELLATE PRACTICE, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599  800-216-6185

Civ. P. 12(b) (1), (6) and (7) provide that the Court may dismiss an action for lack of subject-matter jurisdiction, for failure to state a claim for relief, and for failure to join a party under Rule 19.  As stated in the Certificate of Good Faith, Appellant Rosen agrees as that the proper, indispensable party is the Former Trustee Welt.  To ensure full preservation, we move to dismiss on these remaining grounds for the reasons and legal authorities set forth below.

3.      On January 13, 2014, Appellant served an initial brief in this appeal, Case No. 1:13-cv-24593-KAM, wherein Appellant's initial brief designates Successor Trustee, Joel L. Tabas, as the Appellee.  There is a pending agreed order to extend the time for filing the answer brief up to and including February 23, 2014.

4.      As the orders, facts and issues are set forth in Appellant's Notice of Appeal [Bankr. ECF277], this appeal only concerns the Former Trustee Kenneth Welt.  Successor Trustee Joel Tabas and orders designated as to the Successor Trustee Tabas are referenced nowhere.  *See* Attached Ex. "A", Bankr. ECF277, Notice of Appeal.

5.      Additionally, as set forth in Appellant's Motion for Leave to Appeal [Bankr. ECF276] this appeal only concerns the Former Trustee Kenneth Welt. In fact, the Former Trustee Welt is referenced more than 65 times in the Motion for Leave to Appeal. Successor Trustee Joel Tabas and orders designated as to the Successor Trustee Tabas are referenced nowhere.  *See* Attached Ex. "B", Bankr. ECF 276, Motion for Leave to Appeal.

6.      As in Appellant's Amended Designations of the Record on Appeal and the Issues

Regarding their Appeal [ECF 507 of Notice of Appeal (Bankr. ECF 277)], this appeal only concerns the Former Trustee Kenneth Welt. The only orders designated concern the Former Trustee Welt.  Successor Trustee Joel Tabas and orders designated as to the Successor Trustee Tabas are referenced nowhere in that document either. *See* Attached Ex. "C", Bankr. ECF 507, Appellant/Creditor Designations and Statement of Issues Regarding Bankr. EC F277 Appeal.

7.    Appellant's initial brief further makes clear that the appeal actually concerns Appellant's motions directed to rulings and conduct surrounding the Bankruptcy Court's denial of motions to remove the Former Trustee, Kenneth Welt, regardless of his resignation. *See* ECF10 initial brief at 2-5 (Statement of Issues Presented for Review and Statement of the Case and Facts).[2]

8.    As the facts and issues are set forth in Appellant's initial brief, this appeal does not concern the Successor Trustee and designation of the Successor Trustee as Appellee is error. *See* ECF10 initial brief.

9.    The orders that do concern the Successor Trustee are the subject of other appeals (none are designated in this appeal) that are still-currently pending (not yet ripe for briefing). Bankr. S.D. Fla. ECF629 (12-27-2013 appeal of order denying Successor Trustee's Motion to Extend Membership Contract) and ECF630 (12-27-13 appeal of order denying Samuel D. Rosen's Motions to Vacate Orders).

---

[2]    The Former Trustee resigned, and was not removed by the U.S. Trustee or the Bankruptcy Court.

EASLEY APPELLATE PRACTICE, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599  800-216-6185

10.     As such, the Successor Trustee is not factually the correct "Appellee" in this appeal and is this sudden and unforeseen designation of the Successor Trustee as the Appellee for the time in the initial brief is highly prejudicial and inequitable.

11.     The Successor Trustee also lacks standing (none of the allegations and arguments in this appeal concern the Successor Trustee), and is not authorized anywhere in the Bankruptcy Rules and the case law construing the Rules for the Successor Trustee to defend or prosecute the rulings as to the Former Trustee.  Forcing the Successor Trustee into this dispute is attempt to 'end run' around the *Barton* Doctrine (*see* discussion below) and his real remedy as to the Former Trustee, which is to move for leave of the bankruptcy court to file a suit against the Former Trustee.

## INCORPORATED MEMORANDUM OF LAW

12.     Meaning, the statutory duties of a chapter 11 trustee are set forth in § 1106, which incorporates by reference certain chapter 7 trustee duties as specified in § 704.  "Section 1106(a) [of the Code] specifies six duties of a trustee in a reorganization case and incorporates by reference five duties of a trustee in a liquidation case."[3]  In every type of

---

[3] 7 COLLIER ON BANKRUPTCY § 1106.02.  The five duties imposed on Chapter 7 trustees, applying also to Chapter 11 trustees, are that the trustee shall: (i) be accountable for all property received" [11 U.S.C. § 704(2) (2014)]; (ii) examine and object to proofs of claims [*Id*. § 704(5)]; (iii) furnish information about the estate and its administration upon request of a party in interest [*Id*. § 704(7)]; (iv) file any required reports or summaries of the operations of the business to the court or governmental unit [*Id*. § 704(8)]; and (v) make and file a final report and account of the estate with the court. *Id*. § 704(9).  The Chapter 11 trustee must also meet six duties specific to Chapter 11: the trustee must further disclose a list of creditors, a schedule of assets and liabilities, a schedule of income and expenditures,

case, the duty to be accountable for all property received[4] and to examine proofs of claims and object to any claim that is improper;[5] in a chapter 7 case, to collect and reduce to money property of the debtor and close the case as expeditiously as possible;[6] in a chapter 11 case, to investigate the debtor and the debtor's business and any other matter relevant to the case;[7] in a chapter 13 case, to advise and assist the debtor in performing under the reorganization plan[8] and to insure the debtor makes timely payments under the plan of reorganization.[9]   As to the successor trustee's authorized duty in relation to the former trustee, a successor trustees is required to segregate the books and records of a *removed* trustee. Fed. R. Bankr. P. 2012(b)(2).  Appellant has stated it does not agree, but the record and the Appellant's own statement of facts reflects that the Former Trustee here was not removed by the bankruptcy court or the U.S. Trustee, but resigned. *See* initial brief, Statement of the Case and Facts.

13.    No matter.  The fact is that, by statute and by case law, this Successor Trustee Joel Tabas lacks standing to be the Appellee to defend the Former Trustee.  Additionally and without any comment as to whether there is even jurisdiction or as to the merits of this

---

and a statement of the financial affairs of the debtor. *Id*. § 1106(a)(2) (cross-referencing the duties delineated in 11 U.S.C. § 521(1)). Unless the court orders otherwise, the trustee must investigate all of the operations of the debtor and the debtor's business. *Id*. § 1106(a)(3).

[4]  11 U.S.C. § 704(a)(2)..
[5]  11 U.S.C. § 704(a)(5).
[6]  11 U.S.C. § 704(a)(1).
[7]  11 U.S.C. § 1106(a)(3).
[8]  11 U.S.C. § 1302(b)(4).
[9]  11 U.S.C. § 1302(b)(5).

EASLEY APPELLATE PRACTICE, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599  800-216-6185

appeal, it would be inappropriate for the Successor Trustee to defend the Former Trustee in

this appeal.[10]   The Former Trustee is the entity having standing to defend and the proper

---

[10] *See* statutory provisions cited *supra*; *see also In re DeLorean Motor Co.*, 991 F.2d 1236
(6th Cir. 1993) (it is well-settled that, apart from suits under 28 U.S.C.A. § 959(a) against a
trustee in connection with carrying on business, suits against a trustee for acts done in his or
her official capacity and within his or her authority as an officer of the court may not
proceed in a nonappointing forum unless leave is obtained from the appointing forum); *In
re Jacksen*, 105 B.R. 542 (B.A.P. 9th Cir. 1989) (same); *In re Nathurst*, 207 B.R. 755
(Bankr. M.D. Fla. 1997) (same); *In re Atlas*, 183 B.R. 978 (Bankr. S.D. Fla. 1995), *order
aff'd*, 222 B.R. 656 (S.D. Fla. 1998) (same); *In re Ross,* 231 B.R. 74 (Bankr. W.D. Mo.
1999) (same); *Matter of Krikava*, 217 B.R. 275 (Bankr. D. Neb. 1998) (same); *In re Davis*,
312 B.R. 681 (Bankr. D. Nev. 2004) (same); *In re Baptist Medical Center of New York*, 80
B.R. 637 (Bankr. E.D. N.Y. 1987) (same); *In re Coastal Plains, Inc.*, 326 B.R. 102 (Bankr.
N.D. Tex. 2005), *aff'd*, 2006 WL 547833 (N.D. Tex. 2006) (same); 9 Am. Jur. 2d
Bankruptcy § 539 (2014); *see also generally E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d
979 (11th Cir. 1990) (trustee of debtor dealer in government-backed mortgage securities
not have standing to assert claims of customer/creditors since any potential recovery
belongs to said customer/creditors, not to debtor who is represented by the trustee.);
*Flaherty v. President of the United States*, No. 11-124, 2011 WL 2715082 (D.D.C. July 13,
2011) (Granting motion to dismiss claims against all parties except IRS; and granting IRS's
motion to dismiss for failure to state a claim upon which relief may be granted. The court
dismisses claims brought against individuals because "they cannot be parties to a suit
brought pursuant to the FOIA" and then substitutes the IRS as the sole defendant.);
*Gianello v. Port Auth. of N.Y. & N.J.*, 11 CIV. 3829 JGK, 2011 WL 2436674 (S.D.N.Y.
2011) (S.D. N.Y. June 16, 2011) (Dismissing plaintiff's complaint. Proper party defendant:
The court dismisses the complaint because plaintiff failed to name a federal agency
defendant. The court notes that "[t]he Port Authority is a bi-state entity created by compact
between the States of New York and New Jersey." Accordingly, "[a]s the defendant is not
a federal entity, the plaintiff cannot state a FOIA claim against it."); *In re M & L Business
Mach. Co., Inc.*, 160 B.R. 850 (D. Colo. 1993) (trustee lacks standing to pursue claims
against nondebtor third parties asserted by creditor-plaintiffs since the trustee has no
standing to assert creditor claims against third parties if not demonstrated that claims
asserted by creditors belong to bankruptcy estate.); *In re Dublin Securities, Inc.*, 197 B.R.
66 (S.D. Ohio 1996), *judgment aff'd*, 133 F.3d 377, 1997 Fed. App'x 0368P (6th Cir.
1997) (bankruptcy trustee lacks standing to assert malpractice claims against individual
attorneys and law firms that have represented Chapter 7 debtors-securities companies for
fraud since the claims belong to the defrauded investors and no benefit will result from

party to defend this appeal and the rulings as they concern the Former Trustee. *Id*.[11]

14.    Dismissal is also warranted because, as to the issues concerning the Former Trustee, the Appellant effectively works an "end run" around the *Barton* doctrine and the subject-matter jurisdictional defect of this appeal.[12]    In a debtor's lawsuit challenging various actions of a trustee, in this case a former trustee, and in an attempt "to gain a litigation advantage[ in bankruptcy,]" *Lawrence v. Goldberg*, 573 F.3d 1265, 1268 (11th Cir. 2009), the Eleventh Circuit further explained the contours of the *Barton* doctrine:

> The district court dismissed Lawrence's complaint on the basis of the Barton doctrine. In *Barton*, . . .[t]he Supreme Court reasoned that allowing the plaintiff's action to proceed without leave of the appointing court would have been "an usurpation of the powers and duties which belonged exclusively to [the appointing] court." *Barton*, 104 U.S. at 136. Therefore, the Supreme Court held that a court does not have "jurisdiction, without leave of the court by which the receiver was appointed, to entertain a suit against him for a cause of action ... based on his negligence or that of his servants in the performance of their duty in respect of [the property administered by the receiver]." *Id*. at 137.
>     In 2000, we held-in our only published case interpreting the *Barton* doctrine-that, as a matter of federal common law, "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that

---

having the investors' claims filtered through the bankruptcy estate).

[11]    *See, e.g.,*

[12]    As this Court knows, the *Barton* Doctrine was a creation from common law by the U.S. Supreme Court in *Barton v. Barbour*, 104 U.S. 126, 129 (1881). In *Barton*, the Supreme Court held that in order to sue a court-appointed receiver, the petitioning party must first seek leave of the court that issued the receiver's appointment. The Supreme Court's holding was based in part on the reasoning that the appointing court has *in rem* jurisdiction over the receivership property. Thus, without leave of the appointing court, the forum in which the receiver was sued lacked subject-matter jurisdiction over the action. Of course, subject-matter jurisdiction, or lack thereof, can be raised at any time.  It can even be raised for the first time on appeal. *Torrez v. Edwards*, 107 P.3d 1110 (Colo. App. 2004) (*Barton* Doctrine raised for first time on appeal).

EASLEY APPELLATE PRACTICE, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599  800-216-6185

action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Carter*, 220 F.3d at 1252. We also held that the *Barton* doctrine applies to actions against officers approved by the bankruptcy court when those officers function "as the equivalent of court appointed officers." *Id*. at 1252 n. 4; *cf. Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir.2006) (holding that the *Barton* Doctrine "applies to trustees' counsel as well as to trustees themselves"). In *Carter*, we explained that the *Barton* doctrine helps to ensure the proper functioning of the bankruptcy process:

> If [the trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded.... Without the requirement [of leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive.... Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively.

> *Carter*, 220 F.3d at 1252–53 (alteration in original) (quoting *In re Linton*, 136 F.3d 544, 545 (7th Cir.1998)).

*Lawrence*, 573 F.3d at 1269 (emphasis added).

15.    The issues in this appeal, in other words, are not an appeal but a lawsuit requiring the Bankruptcy Court's leave to sue.  In affirming the district court's decision that it lacked subject matter jurisdiction due to the *Barton* doctrine in *Lawrence*, the Eleventh Circuit rejected the plaintiff's contention that it should not have applied to all of the defendants. Instead, the Eleventh Circuit found that because the lawsuit "concerned actions taken [by the trustee and other defendants] in their official [bankruptcy] capacities" and, with respect to the creditor defendants sued, involved allegations that "they breached their official fiduciary duties to the Trustee and the bankruptcy court[,]" *Barton* did appropriately extend to all the defendants. 573 F.3d at 1270.

EASLEY APPELLATE PRACTICE, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599  800-216-6185

16.     Secondarily, the Eleventh Circuit was not persuaded that the plaintiff's lawsuit was

"unrelated to his bankruptcy proceeding." *Id.*  As the Eleventh Circuit reasoned:

> Bankruptcy courts have jurisdiction to hear "any or all cases under
> title 11 and any or all proceedings arising under title 11 or arising in or
> related to a case under title 11," upon referral by a district court. 28 U.S.C. §
> 157(a).. . . .We have adopted the following guidelines for determining
> whether a civil proceeding is "related to" a bankruptcy proceeding:
>
> **The. . .test for determining whether a civil proceeding is related to
> bankruptcy is whether the outcome of the proceeding could conceivably
> have an effect on the estate being administered in bankruptcy.** The
> proceeding need not necessarily be against the debtor or against the debtor's
> property. **An action is related to bankruptcy if the outcome could alter
> the debtor's rights, liabilities, options, or freedom of action (either
> positively or negatively) and which in any way impacts upon the
> handling and administration of the bankrupt estate.**
> *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th
> Cir. 1990) (quoting *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).
> . . . .**The outcome of Lawrence's civil suit clearly could have an
> effect on the handling and administration of his bankruptcy estate. All
> of Lawrence's civil claims fall within the scope of the *Barton* doctrine
> because they are "related to" his bankruptcy proceeding.**

*Lawrence*, 573 F.3d at 1271–72 (emphasis added).

17.     In *In re J.S. II, L.L.C.*, 389 B.R. 570 (Bankr. N.D. Ill. 2008), the bankruptcy court

there explained the *Barton* doctrine and that explanation underscores why this Appellant

Rosen's appeal now violates and frustrates that doctrine:

> The *Barton* doctrine, first announced by the Supreme Court in *Barton v.
> Barbour*, provides that a trustee of a bankruptcy estate is a statutory
> successor to the equity receiver and that a receiver cannot be sued without
> leave of the court appointing him. *Barton v. Barbour*, 104 U.S. 126, 128–29,
> 26 L.Ed. 672 (1881). Since the bankruptcy court appoints the trustee that
> administers property of the estate that is under the control of the bankruptcy
> court pursuant to the bankruptcy code, the trustee is essentially an agent of
> the court. *Matter of Linton,* 136 F.3d 544, 545 (7th Cir. 1998). Therefore,
> under the *Barton* doctrine, leave from the appointing court is required before

filing suit against a trustee for acts done within the trustee's administrative capacity. Id. Further, the *Barton* doctrine bars suits against the trustee in the appointing court as well as a foreign forum, such as a state court. *In re marchFIRST, Inc.*, 378 B.R. 563, 566–67 (Bankr. N.D. Ill. 2007) (Schwartz, J.). A debtor-in-possession enjoys the same rights and protections as a bankruptcy trustee. 11 U.S.C. § 1107(a); *Precision Industries v. Qualitech Steel SBQ, LLC,* 327 F.3d 537, 545 (7th Cir. 2003). Without prior court approval for suits against a trustee (or a debtor-in-possession. . .), a trustee would face the burden of defending the suit and the threat of distraction, raising the concern that it would be more difficult to appoint a trustee because the appointment would be less appealing or more costly. *See marchFIRST*, 378 B.R. at 567 (addressing these same concerns that were raised in *Linton* ).[13]

18.    Applying the above law and reading the appeal initiation documents, the designation of issues on appeal, and the Appellant's own initial brief, it is clear that these issues are direct. lawsuit attacks on the Former Trustee, and that without leave to lodge those attacks, this Court lacks subject matter jurisdiction as to the claims concerning the Former Trustee in the instant appeal.  This appeal skirts the above doctrines and firmly established principles.

19.    Assuming this Court has jurisdiction over this appeal, the Appellant's designated orders and issues are directed to the Former Trustee Welt, and the appeal may not proceed as to the Successor Trustee.

---

[13]    *J.S. II*, 389 B.R. at 583 (emphasis added); *see also In re Allnutt*, 220 B.R. 871, 888 (Bankr. D. Md. 1998) ("No suit may be brought in a state court against a trustee or counsel to a debtor in possession for alleged misconduct in liquidating assets of a bankruptcy estate without leave of the bankruptcy court."); *In re Jasmine Networks, Inc.,* No. 02–54815–MM, 2006 WL 3392062, at *2 (Bankr. N.D. Cal. Nov.20, 2006) (recognizing that *Barton* rule "extends beyond trustees to other persons appointed by the bankruptcy court, like debtors-in-possession and their court-approved counsel").

Easley Appellate Practice, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599  800-216-6185

20.     The Appellant agrees that the Former Trustee must be joined as the true Appellee here.  We add for preservation purposes that the failure to designate the Former Trustee as the Appellee in this appeal impedes the Court's ability to conduct full review and provide complete relief, and it directly impedes the Successor Trustee's ability to take any position on these rulings as to the Former Trustee—offensive or defensive—because the chapter 11 trustee is a creature of statute, an agent of the Bankruptcy Court, and the Bankruptcy Code nowhere provides such authorization to defend or prosecute. *See* statutes discussed *supra.*

21.     The absence of this indispensable party is considered to be so significant a defect that most courts state the defect may be raised for the first time subsequent to the trial or on appeal. § 1609, *Raising the Defense of Failure to Join a Person Needed for a Just Adjudication*, 7 Fed. Prac. & Proc. Civ. § 1609 (3d ed. 2014) (and citations therein); *see, e.g., In re Torcise*, 116 F.3d 860, 866 (11th Cir. 1997) (applying Fed. R. Civ. P. 19 in bankruptcy appeal, and concluding Bel-Bel was not an indispensable party in the action brought by Torcise and Growers); *Jeffries v. Georgia Residential Fin. Auth.*, 678 F.2d 919, 928 (11th Cir. 1982) (Failure to raise this issue by proper motion before the trial court does not constitute waiver); *McCulloch v. Glasgow*, 620 F.2d 47 (5th Cir. 1980) (Interests of unjoined parties must be considered on motion to join indispensable parties, citing Fed. R. Civ. P. 19 on appeal); *Hook v. Mercantile Trust Co. of New York*, 95 F. 41 (7th Cir. 1899) (failure to join necessary parties on an appeal is jurisdictional, and a motion to dismiss on that ground may be entertained at any time before final disposition of the appeal).

EASLEY APPELLATE PRACTICE, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599  800-216-6185

22.     Dismissal of the appeal as to the Successor Trustee is required because the general rule in this Circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal and against specified, intended appellees. *See Pitney Bowes, Inc. v. Mestre,* 701 F.2d 1365, 1374–75 (11th Cir.), *cert. denied*, 464 U.S. 893 (1983); *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528-29 (11th Cir. 1987); Fed.R.App.P. 3(c) (requiring that a notice of appeal "designate the judgment, order or part thereof appealed from"). Here, this notice of appeal, the motion for leave to appeal, the designations of the record and issues on appeal, and appellant's initial brief unquestionably reflect that there is no intention that this appeal be directed to the Successor Trustee, Joel Tabas.

23.     The appellate court must infer that the appellant did not intend to appeal other unmentioned orders or judgments and did not intend to direct its appeal as to the Successor Trustee. *Mestre*, 701 F.2d at 1374–75; *see also C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1055–56 (5th Cir.), *cert. denied*, 454 U.S. 1125 (1981). The 11th Circuit Court of Appeals concludes that an analogous rule must apply when an appellant expressly names some of his opponents (here expressly referencing the Former Trustee Welt in all appeal initiation documents) but omits other parties from the appeal notice and appeal documents. *See, e.g., Osterneck*, 825 F.2d at 1528-29 (11th Circuit dismissed appeal as to an appellee named for the first time in an appellate brief and discussion of imposing sanctions), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989).

EASLEY APPELLATE PRACTICE, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599  800-216-6185

24.     Like *Osterneck* the Successor Trustee relied on the Appellant's perfection of his appeal as to the Former Trustee, not as to any issue concerning the Successor Trustee because Appellant raised none. The designation of the Appellee as the Successor Trustee, not the Former Trustee, is extremely prejudicial to the Successor Trustee and impedes full review and complete relief.  Thus, it is clear that the Successor Trustee has reasonably relied upon the fact that the Appellant did not name him in his notice of appeal, nor in his motion for leave to appeal, nor in his designations of the record and the issues on appeal. The Appellant Rosen states no claims for relief or issues as to the Successor Trustee and, as such, dismiss is warranted on those bases as well.

      **C.     The Requested Relief**

25.     Accordingly, Successor Trustee, Joel L. Tabas, moves to dismiss this appeal. While the Federal Rules of Civil Procedure also reflect that a motion to dismiss tolls the time until the Court rules, the Successor Trustee further requests in an abundance of caution that the appeal be tolled/time to file and serve the Answer Brief be stayed, pending resolution of this Motion.

**For the reasons and legal authorities set forth herein**, it is respectfully requested that the Court grant this Motion to dismiss this appeal, and enter an order reflecting that this appeal is tolled/time is extended until the pendency of resolution of this Motion.

Additionally, if the appeal is dismissed as in violation of the *Barton* doctrine or for failure to name the proper person or failure to state a claim for relief at to the Successor

Trustee, it is respectfully requested that this appeal be dismissed with prejudice.

If the appeal is not dismissed, then it is requested that the Order reflect that the Answer Brief filing deadline is extended by 15 days after that Order's date of rendition.

Respectfully submitted,

**BY:**    /S/ DOROTHY F. EASLEY, MS JD BCS APPEALS
FLA. BAR NO. 0015891
EASLEY APPELLATE PRACTICE PLLC
***Appellate Counsel for Successor Trustee***
1200 BRICKELL AVENUE, SUITE 1950
MIAMI, FLORIDA 33131
T: (305) 444-1599; (800) 216-6185
FLORIDA BAR DESIGNATED E-MAIL FOR SERVICE:
administration@EasleyAppellate.com
www.easleyappellate.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been was served using the CM/ECF system **and**: served electronically by eMail **or** the firm's secure dropbox **or** by regular US Mail (if no electronic means of service available) and email to all parties who are not on the list to receive email notification/service for this case on this 28th    day of January 2014 to:

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-I (A)*

**By:**    /S/ DOROTHY F. EASLEY, MS JD BCS APPEALS

| CHAD P PUGATCH, ESQ. | LAWRENCE E PECAN, ESQ. |
|---|---|
| cpugatch.ecf@rprslaw.com | lpecan@marshallgrant.com |

DAMARIS D ROSICH-SCHWARTZ, ESQ.
Damaris.D.Rosich-Schwartz@usdoj.gov

DOUGLAS C. BROEKER, ESQ.
SWEET APPLE, BROEKER & VARKAS, P.L.
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Florida Designated Email:
doug@broekerlaw.com
DocService@broekerlaw.com
Jamie@broekerlaw.com

DREW M DILLWORTH, ESQ.
ddillworth@stearnsweaver.com

ERIC J SILVER, ESQ.
esilver@stearnsweaver.com

JOE M. GRANT, ESQ.
jgrant@msglaw.com

PAUL J. BATTISTA, ESQ.
pbattista@gjb-law.com

PETER E. SHAPIRO, ESQ.
pshapiro@shapirolawpa.com

SONEET R. KAPILA, ESQ.
mwalker@kapilaco.com

THOMAS L ABRAMS, ESQ.
tabrams@tabramslaw.com

KENNETH A. WELT, ESQ.
FORMER TRUSTEE
SERVED BY EMAIL C/O HIS DESIGNATED
COUNSEL:
lpecan@marshallgrant.com
jgrant@msglaw.com

OFFICE OF THE US TRUSTEE
USTPRegion21.MM.ECF@usdoj.gov

PETER E. SHAPIRO, ESQ.
pshapiro@shapirolawpa.com

Samuel D. Rosen*
10175 Collins Ave.
Apt. 502
Bal Harbour, Florida 33154
**\*Served by US Mail**

JOEL L. TABAS, ESQ.
GARY M. FREEDMAN, ESQ.
TABAS, FREEDMAN & SOLOFF, P. A.
*Attorneys for Trustee, Joel L. Tabas*
One Flagler Building
14 Northeast First Ave-PH
Miami, Florida 33132
Florida Designated Email:
gfreedman@tabasfreedman.com
jtabas@tabasfreedman.com
jlt@tfsmlaw.cm

EASLEY APPELLATE PRACTICE PLLC
DOROTHY F. EASLEY, MS, JD, BCS APPEALS
FLA. BAR. NO. 0015891
1200 BRICKELL AVENUE, SUITE 1950
MIAMI, FLORIDA  33131

EASLEY APPELLATE PRACTICE, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599   800-216-6185

| | Florida Bar Designated E-Mail: Administration@Easleyappellate.Com |
|---|---|
| | *Appellate Counsel for Plaintiff/Appellant* |

EASLEY APPELLATE PRACTICE, PLLC, 1200 Brickell Avenue, Suite 1950, Miami, Florida 33131 305-444-1599  800-216-6185