UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CIV. ACTION NO.: 1:13-cv-24593-KAM
Honorable Kenneth A. Marra

SAMUEL D. ROSEN,

    Appellant,

v.

    L.T. Case No.: 13-14289- LMI
    Honorable Lauren M. Isicoff

JOEL L. TABAS, Successor Trustee,

    Appellee.

_____/

### APPELLANT ROSEN'S OBJECTION TO AND MOTION TO STRIKE SUCCESSOR TRUSTEE'S MOTION TO DISMISS APPEAL [D.E. 17]

    Appellant, Samuel D. Rosen ("Mr. Rosen"), by and through undersigned counsel, objects to and moves to strike the Motion to Dismiss [D.E. 17] filed by Successor Trustee, Joel L. Tabas, and as good grounds therefor would show that:

    1.    Appellant submits this Objection to and Motion to Strike the Successor Trustee's Motion to Dismiss in an abundance of caution as the Court has scheduled a status conference in this matter for tomorrow, January 30, 2014. The Motion to Dismiss "poisoned the well" by advancing inappropriately founded arguments. Undersigned counsel seeks to raise the overarching arguments in favor of striking the Motion to Dismiss, prior to that hearing. However, in the event that the Court allows the Motion to Dismiss to stand, counsel seeks leave to respond more fully on the substantive arguments contained in the Motion to Dismiss.

### FALSE PRETENSES

    2.    The Motion to Dismiss is based upon false pretenses. The Motion is founded upon a supposed stipulation by undersigned counsel that the Successor Trustee is an

"indispensable party." This stipulation is false, has been clarified in e-mails, and counsel for Mr. Tabas chooses to ignore the clarification and stand upon a supposed agreement during a telephone conference. See e-mails attached hereto as Exhibits "A", "B", "C" and "D." Undersigned counsel was abundantly clear, via e-mail at 1:32 p.m., that the stipulation was inaccurate and rejected (Exhibit "A"). Thereafter, after the Motion to Dismiss was filed, undersigned counsel restated the objection and requested that the Motion be withdrawn (Exhibit "B"). Counsel for Mr. Tabas chooses to ignore these facts in maintaining the Motion (Exhibit "C").[1]

3. Undersigned counsel sent a similar e-mail the previous day (Exhibit "D"), clearly stating that Appellant did not agree to a dismissal of the Motion to Dismiss the Appeal and was of the opinion that the original Trustee, Mr. Welt, was the proper party; however, the Clerk designated the appeal otherwise.

### CAPTION OF CASE DESIGNATED BY CLERK

4. While Mr. Tabas asserts "Appellant's initial brief designates Successor Trustee, Joel L. Tabas, as the Appellee," the caption of this case "Rosen v. Tabas" was designated by the Clerk and undersigned counsel explained this fact to counsel for Mr. Tabas, and forwarded the applicable filings to her. See Composite Exhibit "E." In fact, the appeal relates to Orders directed to the predecessor Trustee, Mr. Welt; however, Mr. Welt resigned in the face of a motion to disqualify and Mr. Tabas was subsequently appointed. At the same time, the Court who entered the Orders recused himself and this case is now before a new judge.

5. The original Notice of Appeal (Exhibit "F") and Motion for Leave to Appeal (Exhibit "G") do not reference Mr. Tabas as Appellee – the Clerk made this designation.

---

[1] The Counsel for Successor Trustee Tabas subsequently acknowledged receipt of the e-mail, and filed an Amended "Certificate of Good Faith," however counsel did not withdraw the Motion or recede from any of the ill-founded arguments therein.

6. Mr. Tabas has a motion for clarification pending, which is scheduled for hearing before this Court tomorrow, on the subject of whether he is the proper party to this appeal. Undersigned counsel would like to assist in efforts to clarify this appeal. See Exhibits "A" and "C." However, it is abhorrent that counsel for Mr. Tabas is attempting to extract a "stipulation" in a telephone conference and recite it as the basis for a motion to dismiss in the face of clear communications advising that the statement is inaccurate.

### APPEAL SHOULD NOT BE DISMISSED

7. Undersigned counsel is sensitive to the fact that Successor Trustee Tabas would like to be relieved of responsibility with regard to this appeal would like to have his name substituted from the style of the case. Undersigned counsel has clearly stated that he wholeheartedly agrees. See Exhibits "A" and "C." However, dismissal of the appeal is inappropriate and would be a miscarriage of justice. This is not a lawsuit against a captioned Party; it is an appeal of three (3) interrelated Orders. Former Trustee Welt has acted with dishonesty in violation of applicable statutes, has damaged both Mr. Rosen and the Estate, is properly sanctioned, and should be caused to reimburse Mr. Rosen. See, e.g. Exhibit "G" and [D.E. 180] below. The Orders denying Mr. Rosen's Motions as "moot" are erroneous and properly reversed.

8. Undersigned counsel has noticed all parties in the Bankruptcy, including Mr. Welt's counsel (now former counsel but still an active participant in the Bankruptcy proceedings) of this Appeal through filing on the ECF system. See Exhibits "F" and "G." Counsel for Mr. Welt chose not to file a notice of appearance in this appellate proceeding. However, undersigned counsel has served counsel for Mr. Welt with his Brief, with a notice of

the telephone conference hearing scheduled for January 30th, and with an explanation (to counsel for Mr. Tabas) of why this was done. See Composite Exhibit "H."

9. It is abundantly clear that this appeal concerns the actions of former Trustee, Mr. Welt, and not the successor Trustee, Mr. Tabas. However, the Clerk designated Mr. Tabas as appellee and only Mr. Tabas' counsel has chosen to appear in the proceeding. None of this is grounds for dismissal of the appeal. As stated, appellant has no objection to Mr. Tabas being substituted by the successor Trustee in the style of the case or for any other purposes which this Court considers just and equitable. Likewise, Appellant has no objection to appropriate enlargements of time.

10. To the extent that it may be appropriate after the Status Conference, Appellant requests leave to submit an amended or corrected Brief.

### OTHER HYPOCRITICAL STATEMENTS AND CONVOLUTED ARGUMENTS

11. The comment in the Motion to Dismiss (page 5, paragraph 10) concerning:

> "this sudden and unforeseen designation of the Successor Trustee as the Appellee for the time in the initial Brief is highly prejudicial and inequitable"

completely ignores the fact that this appeal was filed in September 2013, Trustee Tabas was aware of the style of the case in September 2013, Trustee Tabas stipulated that the Orders were final for purposes of appeal and there was no need to move for leave to appeal, appeared in the appeal and otherwise monitored the proceedings as the Clerk sent the case back to the Bankruptcy Court and re-designated this appeal under a new case number, with a new judicial assignment, but the same style of the case. None of this is "sudden and unforeseen."

12. The substantive arguments in the Motion to Dismiss are hypocritically brought because the successor Trustee, on the one hand, seeks leave to be relieved from these

proceedings, asserts that the successor Trustee lacks standing (page 5, paragraph 11) yet, on the other hand, advances arguments in support of the predecessor Trustee, whom the successor Trustee does not want to represent. Curiously, the Successor Trustee's argument then proceeds to an argument in defense of the original Trustee, Mr. Welt, by advancing a convoluted argument under the "Barton Doctrine." This is another reason why the motion should be stricken, because the Successor Trustee, after asserting that it should not be a party to this appeal and lacks standing, then attempts to defend the issues of the former Trustee. Moreover, this appeal is not a violation of the Barton Doctrine, on multiple levels. First, this is not a lawsuit against Mr. Welt - a series of motions were raised to the Bankruptcy Court and the Bankruptcy Court denied them as "moot." For the reasons set forth in the appeal, this Court properly reverses those Orders and directs that the Bankruptcy Court (through the Successor Judge) consider them on the merits. Second, Trustee Welt was only appointed as Trustee based upon a false certification. Therefore, his appointment should be considered void *ab initio*, he was never properly constituted as a Trustee in bankruptcy, and is not properly protected by the Barton Doctrine. Third, due to his conduct, and applicable law, Trustee Welt should be stripped of the right to serve as a U.S. Trustee. For that reason, the Barton Doctrine should not protect him. Finally, under the circumstances of this case, Mr. Rosen should be permitted to proceed against Mr. Welt for sanctions. These arguments are hypocritical given Mr. Tabas' efforts to b relieved of responsibility on this appeal, and not well-taken. However, appellant requests leave to respond to these arguments, on their "merits," if necessary.

      13.     As detailed above, the arguments advanced by the movant herein are based upon false pretenses, ignore the record of these proceedings and are hypocritically made. For all of the above reasons, the Motion to Dismiss is properly stricken.

14. Mr. Rosen requests leave of Court to respond on the merits or otherwise amend the appeal as appropriate in order to streamline further proceedings and seek a resolution on the merits. However, the pending Motion to Dismiss is properly stricken.

**WHEREFORE**, Mr. Rosen moves this Court to strike Appellee Tabas' Motion to Dismiss, and for any other relief this Court considers just and equitable.

Dated January 29, 2014

>                                Respectfully submitted,
>
> By:   /s/ Douglas C. Broeker
>       **Douglas C. Broeker, Esquire**
>       Florida Bar No. 306738
>       **SWEETAPPLE, BROEKER & VARKAS, P.L.**
>       44 W. Flagler Street, Suite 1500
>       Miami, Florida 33130
>       Tel.: (305) 374-5623
>       Fax: (305) 358-1023
>       Doug@broekerlaw.com
>       DocService@broekerlaw.com

CIV. ACTION NO.: 1:13-cv-24593-KAM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail and e-mail to all parties who are not on the list to receive e-mail notification/service for this case on this 29th day of January 2014.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A).*

By:    /s/ Douglas C. Broeker
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738


CIV. ACTION NO.: 1:13-cv-24593-KAM

## SERVICE LIST

gfreedman@tabasfreedman.com
USTPRegion21.MM.ECF@usdoj.gov
Damaris.D.Rosich-Schwartz@usdoj.gov
jhilliard@tabasfreedman.com
jtabas@tabasfreedman.com
administration@easleyappellate.com